# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JASON LEE BUTTERWORTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:07cv1073** |
| | ) | **Judge Trauger** |
| **CAPTAIN J.W. JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM  AND ORDER

The Court has before it a *pro se* prisoner complaint brought under 42 U.S.C. § 1983. The plaintiff also has submitted an application to proceed *in forma pauperis.*

The plaintiff is a prisoner in the Robertson County Jail in Springfield, Tennessee.  It appears from his application that he lacks sufficient financial resources to pay the filing fee.  Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint *in forma pauperis.*  28 U.S.C. § 1915(a).

The plaintiff is herewith assessed the civil filing fee of three hundred fifty dollars ($350.00). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00).  Payments shall continue until the

$350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The plaintiff alleges that he has lost 70 pounds at Robertson County Jail since being incarcerated there on March 14, 2007.[1] (Docket Entry No. 1, ¶ IV, p. 5) According to the plaintiff,

---

[1] In the copies of the grievances attached to the compliant, the plaintiff complains that he arrived at the Robertson County Jail weighing 260 pounds and that he now weighs 191 pounds.

he was told that he "could get double portions" when his weight dropped to 140 pounds.[2] (Docket Entry No. 1, ¶ IV, p. 5)  The plaintiff alleges that he filed two grievances pertaining to his weight loss, but that Captain Jones "said it was not grievable . . . ."  (Docket Entry No. 1, ¶ IV, p. 5)

The plaintiff makes numerous other allegations pertaining to the conditions of confinement in the Robertson County Jail.  In addition to the quantity of the food, the plaintiff complains about the quality of the food, sanitary conditions, and medical care.  (Docket Entry No. 1, ¶ IV, p. 5)  However, the only allegation that he makes against Captain Jones is that Captain Jones determined that the plaintiff's complaint about the quantity of food was not grievable.

Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure, *Ilim v. Wakinekona*, 461 U.S. 238, 249 (1983).  In other words, the plaintiff cannot premise a § 1983 claim against Captain Jones based on allegations that the grievance procedure produced an inadequate and/unresponsive result because there is no inherent constitutional right to a grievance procedure in the first place.  *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Shehan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 430 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

As to the plaintiff's other claims, the plaintiff does not assert that Captain Jones is responsible for those alleged conditions, nor can such an inference be liberally construed from the complaint or attached documents.  Consequently, the plaintiff has failed to satisfy the first part of the two part test under *Parratt*, *supra* at p. 2, with respect to Captain Jones and these other claims. Neither has the plaintiff identified any other putative defendants against whom those additional

---

[2] The plaintiff attributes this statement to "the doctor" in an attached copy of a grievance purportedly filed at 12:15 p.m. on July 1, 2007.

3

claims might proceed.

As reasoned herein, the plaintiff's claim against Captain Jones lacks an arguable basis in law or fact. Therefore, the complaint is **DISMISSED** as frivolous. 28 U.S.C. §§ 1915(e)(2)(B)(i); 1915A(b)(1). Because an appeal from the judgment rendered herein would not be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full appellate filing fee of four hundred fifty-five dollars ($455.00), or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this Order to the Sheriff of Robertson County to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

                              Aleta A. Trauger
                              United States District Judge

4